IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Carolyn L. Solesbee,<br><br>                      Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>                      Defendant.<br>_____ | Civil Action No. 2:10-1882-RMG-BHH<br><br><br><br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Carolyn L. Solesbee, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The Plaintiff was 51 years old when the ALJ rendered his decision (R. 464). She completed the seventh grade and can read and write (R. 464). The Plaintiff has past work experience as a receptionist and as a "tipper operator," where she used a machine to put the tips on the ends of shoelaces (R. 235, 241). She alleges she has been unable to work since July 16, 2004, due to back problems, heart problems, and a mood disorder (R. 14, 30-31, 50-55).

The plaintiff filed an application for DIB on March 2, 2005. (R. at 50-52). Her application was denied initially and on reconsideration (R. at 30-31, 34-44). Following a May 12, 2008 hearing, the ALJ issued a partially unfavorable decision on June 30, 2008,

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

in which he found that the Plaintiff became disabled beginning on her fiftieth birthday, March 18, 2007. (R. at 11-21). However, the ALJ found that the Plaintiff had not been under a disability within the meaning of the Social Security Act prior to her fiftieth birthday. (R. at 20). As the Appeals Council denied the Plaintiff's request for review (R. at 5-8, 454-59), the ALJ's decision became the Commissioner's final decision for purposes of judicial review. In making his determination that the plaintiff is not entitled to benefits, the Commissioner has adopted the following findings of the administrative law judge:

> (1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2005.
>
> (2) The claimant has not engaged in substantial gainful activity since July 16, 2004, the alleged onset date (20 CFR 404.1520(b) and 404.1571 *et seq.*).
>
> (3) The claimant has the following severe (combination of) impairments: Degenerative joint disease of the knees, lumbar degenerative disc disease, chronic diarrhea, and depression. (20 CFR 404.1520(c)).
>
> (4) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d)).
>
> (5) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant is limited to simple, unskilled, repetitive type work with no concentrated exposure to vibrations. The claimant is restricted from climbing ladders and scaffolds and to only occasionally climbing ramps and stairs. The claimant is further limited to only occasional balancing, stooping, kneeling, crouching, and crawling. She is to avoid even moderate exposure to temperature extremes, fumes, odors, gasses, poor ventilation, and other breathing irritants as well as exposure to workplace hazards. The claimant is able to understand simple tasks without special supervision for at least two hour periods with frequent interaction with the public.
>
> (6) The claimant is unable to perform any past relevant work (20 CFR 404.1565).

>   (7) The claimant was 47 years old on the alleged onset date of disability. This is defined in the regulations as a younger individual age 45-49. On March 18, 2007, the claimant attained 50 years of age and her age category changed to an individual closely approaching advanced age (20 CFR. 404.1563).
>
>   (8) The claimant has a limited education and is able to communicate in English (20 CFR. 404.1564).
>
>   (9) Prior to March 18, 2007, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there were a significant number of jobs in the national economy that the claimant could have performed (20 CFR. 404.1560(c) and 404.1566).
>
>   (10) Beginning on March 18, 2007, the date the claimant's age category changed, considering the claimant's age, education, work experience, and residual functional capacity, there are not a significant number of jobs in the national economy that the claimant could perform (20 CFR. 404.1560(c) and 404.1566).
>
>   (11) The claimant was not disabled prior to March 18, 2007, but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR. 404.1520(g)).

(R. 16-21).

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential

3

questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v.*

*Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## **DISCUSSION**

The Plaintiff contends that the ALJ erred in failing to find her disabled. In her brief, the Plaintiff raises the following issues: 1) Whether the ALJ erred in concluding that the Plaintiff became disabled on March 18, 2007, rather than July 16, 2004, her alleged disability onset date; and 2) Whether the ALJ erred by failing to consider the total impact of the Plaintiff's combination of impairments upon her ability to engage in substantial, gainful work activity on a regular and sustained basis. (Pl.'s Br. 1-2.)

**1) Plaintiff's Disability Onset Date**

The Plaintiff alleged a disability onset date of July 16, 2004 (R. 14, 50). The ALJ, however, found that the Plaintiff was disabled beginning on March 18, 2007 (R. 21). The Plaintiff argues that the ALJ's decision regarding the onset date is not supported by substantial evidence. (Pl.'s Br. at 10-12). Specifically, she argues that "the [ALJ] did not find that [Plaintiff's] condition worsened as of March 18, 2007. Therefore, his conclusion that she became disabled on that date but not prior thereto even though she suffered the same impairments to the same degree is illogical." (Pl.'s Br. at 12).

The ALJ's decision regarding the onset date was based upon the Plaintiff's age. The ALJ stated that on the alleged onset date of disability the Plaintiff was 47 years old which is defined as a younger individual, and that on March 18, 2007, the Plaintiff turned 50 and her age category changed to an individual closely approaching advance age (R, 19, 20). A person 47 years old who can perform the full range of sedentary work is not considered disabled under the Grids. *See Muir v. Astrue*, 2009 WL 799459 *7 (M.D.Fla. March 24, 2009)(finding that once a younger person with the residual functional capacity for a full-range of sedentary work turned fifty years old, he was properly found to be disabled upon obtaining the status of a person closely approaching advanced age).[2] However, on March 18, 2007, the Plaintiff turned 50 years old. Utilizing Grid Rule 201.21, a younger person, under the age of 50, with the Plaintiff's residual functional capacity for sedentary work, the Plaintiff's age, education, and past work experience is not disabled under the Grids. However, upon obtaining the status of a person closely approaching advanced age (50-54), on March 18, 2007, the ALJ correctly applied Grid Rule 201.14 to find the Plaintiff disabled as of that date. *See Muir* 2009 WL 799459 at *7. Accordingly, the ALJ's decision regarding the alleged onset date is supported by substantial evidence.

**2) Combination of Impairments**

The ALJ found that the Plaintiff' suffered from the following severe impairments: degenerative joint disease of the knees, lumbar degenerative disc disease, chronic diarrhea, and depression (R. 16). The ALJ, however, found that the Plaintiff's heart disease and COPD were not severe impairments and that lupus was not a medically determinable impairment for the Plaintiff because the record did not contain a diagnosis of lupus (R. 16).

---

[2]The ALJ recognized that the Plaintiff was unable to perform the full range of sedentary work as there were limitations imposed. However, as the ALJ noted, the vocational expert testified that jobs existed in the national economy for an individual of the Plaintiff's age (prior to her age category change), with her education, work experience, and RFC (R. 20). Accordingly, the ALJ properly found that the Plaintiff was not disabled at any time from July 16, 2004, (her alleged onset of disability date) through March 17, 2007, and correctly determined that the Plaintiff became disabled on March 18, 2007, when she reached 50 years of age.

It "is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. . . . [T]he [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker*, 889 F.2d at 50 (*citing Reichenbach v. Heckler*, 808 F.2d 309 (4th Cir. 1985)).

The Plaintiff argues that the ALJ did not consider the total impact which her combination of impairments had upon her ability to engage in substantial gainful work activity. (Pl.'s Br. at 12-13).  However, the ALJ explicitly states twice in his decision that he considered all of the Plaintiff's impairments and symptoms in assessing her residual functional capacity (R. 15, 17).  The ALJ fulfilled his obligation to evaluate the Plaintiff's impairments, separately and in combination, specifically addressing how they affected Plaintiff's functional capacity.  First, the ALJ considered the Plaintiff's impairments alone and in combination at the third step of his analysis.  He noted that his finding was consistent with the agency expert medical consultants and no medical evidence had been submitted subsequently which would alter that conclusion  (R. 17).

The ALJ then proceeded to evaluate the Plaintiff's residual functional capacity given her combination of impairments.  The  ALJ  found  Plaintiff had an extremely restricted residual functional capacity: she could perform sedentary work, except that she was limited to simple, unskilled, repetitive work that required no more than frequent interaction with the public (R. 17). The ALJ also included multiple environmental and postural limitations in the assessment (R. 17). In support, the ALJ then provided a detailed explanation as to how the medical and other evidence substantiated the residual functional capacity assessment. (R. 17-19).

Importantly, the Plaintiff bears the burden of proving her disability through step four of the sequential evaluation process. *See Young v. Apfel*, 221 F.3d 1065, 1069 n. 5 (8th Cir.2000) (holding residual functional capacity is determined at step four, where the burden of proof rests on the claimant). To show that her impairments are "equivalent" to a listing,

7

the plaintiff must "present medical findings equal in severity to all the criteria for the one most similar listed impairment." *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990); *see also* SSR 83-19, 1983 WL 31248, *2 (a claimant's impairments equal a listing only if the objective medical findings are at least equal in severity to the most similar listed impairment).  Here, the Plaintiff failed to make the required showing. To meet or equal a listed impairment, plaintiff has the burden of showing that she meets each and every element described in the listing.  *See* 20 C.F.R. § 404.1525(d); *Sullivan v. Zebley,* 493 U.S. 521, 530 (1990).  The Plaintiff does not cite to any listing or their requirements or explain how the ALJ erred other than arguing that the ALJ did not consider all her impairments in combination.   Therefore, based on the foregoing, the undersigned finds that the ALJ properly evaluated the Plaintiff's impairments in combination.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, this Court concludes that the findings of the ALJ are supported by substantial evidence and recommends that the decision of the Commissioner be affirmed.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks  
United States Magistrate Judge

July 12, 2011  
Charleston, South Carolina