IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Carolyn L. Solesbee, | ) | Civil Action No. 2:10-1882-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff filed this appeal seeking judicial review of a final decision of Defendant Commissioner of Social Security's denial of Plaintiff's application for Social Security benefits. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling. The Magistrate Judge issued a Report and Recommendation recommending the affirmance of the Commissioner's decision. (Dkt. No. 18). Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. (Dkt. No. 20). As detailed herein, the Court reverses the decision of the Commissioner and remands the matter for further consideration consistent with this Order.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The Court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's

2

findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

## Factual Background

Plaintiff filed an application for disability insurance benefits on March 2, 2005, asserting that a disability onset date of July 16, 2004. Plaintiff's application for disability benefits was denied in the administrative process and she timely filed an appeal. A hearing before an administrative law judge (ALJ) was held on May 12, 2008. The ALJ issued a decision on June 30, 2008, finding that the Plaintiff was disabled on and after March 18, 2007 but was not disabled prior to that date. (Tr. 14). The ALJ found that due to Plaintiff's various severe impairments, which included degenerative joint disease of the knees, degenerative disc disease of the lumbar spine, chronic diarrhea and depression, she had a reserve functional capacity (RFC) only to perform sedentary work and that upon reaching 50 years of age she no longer had available a significant number of jobs in the national economy that she could perform. (Tr. 21). *See*, 20 CFR Pt. 404, Subpt. P, App.2, Rule 201. Plaintiff thereafter filed a timely appeal challenging the denial of disability benefits for the period from July 16, 2004 until March 17, 2007.

The evaluation of a claim for disability under the Social Security Act follows a five step sequential process in which the claimant generally has the burden of proving disability.    20 C.F.R. 1520.    The last step in the sequential process involves a determination of whether, in light of the claimant's RFC, age, education and work experience, there is work available in the national economy in which the claimant can perform.    20 C.F.R. 1512 (g), 1560 (c)(2).    The Commissioner is responsible "for providing evidence that demonstrates that other work exists in significant numbers in the

3

national economy" that the claimant can perform "given [his] residual functional capacity and vocational factors." 20 C.F.R. 1560 (c)(2). This last step of analysis was significant in this claim because of the ALJ's findings that the Plaintiff was able to perform only sedentary work and was "impeded by additional limitations". (Tr. 20).

A vocational expert, Mr. Carl Weldon, testified at the hearing and responded to a series of hypothetical questions propounded by the ALJ. These hypothetical questions focused primarily on Plaintiff's physical limitations. (Tr. 491-492). Mr. Weldon opined that based upon the ALJ's hypothetical questions, there were jobs in the national economy that Plaintiff could perform. (Tr. 492). Based upon the vocational expert's testimony, the ALJ found that there was work available in the national economy for Plaintiff notwithstanding her limitations. (Tr. 20).

The vocational expert was asked by Plaintiff's counsel an additional hypothetical question in which facts were added regarding the Plaintiff's limitations in the psychological area, including a dysthymic disorder, panic disorder with agoraphobia, emotional instability and impairment of the ability to focus and concentrate. (Tr. 493). Based upon these additional limitations set forth in the hypothetical question, the vocational expert opined that "the level of impairment would not allow her to perform competitive work activity." (Tr. 493). Despite this qualification of the vocational expert's opinion, the ALJ failed to address whether the record demonstrated the presence or absence of these additional psychological limitations which would have rendered Plaintiff disabled from available work in the national economy.

## Discussion

It is well settled that the Commissioner "must present [the reviewing court] with findings and determinations sufficiently articulated to permit meaningful judicial review." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983). The failure by the ALJ "to make requisite findings or to articulate the bases for his conclusions makes our task impossible." *Id.* In this matter, the ALJ has failed to make any findings regarding whether the Plaintiff did or did not have the specific psychological impairments which the vocational expert indicated would rendered her, if present, unavailable for work in the national economy. (Tr. 493).

Remand is obviously necessary for the Commissioner to make the necessary findings and conclusions under Step Five in light of the testimony of the vocational expert. It is for the Commissioner, and not this Court, to weigh the available evidence and to make the appropriate findings upon which judicial review can be performed. The Court notes that there is considerable evidence in the record relating to the Plaintiff's psychological condition. This includes a consultative evaluation performed on May 17, 2005 by Dr. James Ruffing, a psychologist, who diagnosed Plaintiff with dysthymic disorder and panic disorder with agoraphobia and noted that her symptoms included "crying spells, feeling worthless, hopeless and helpless." (Tr. 240-42). The diagnostic criteria for dysthymic disorder includes "depressed mood for most of the day, for more days than not" which "cause clinically significant distress and impairment in...occupational... functioning." DSM IV 300.4 (1994). These same symptoms are documented in other portions of the Plaintiff's medical records during the 2004-2007 time period at issue in this appeal. (Tr. 140-141, 254, 255, 350-351, 358-360, 399, 400,

403).  On remand, the Commissioner should make the necessary findings to fully address

Step Five standards.

**Conclusion**

Based on the above, this matter is **reversed** pursuant to sentence four of 42 U.S.C.

405(g) and **remanded** to the Commissioner for further consideration consistent with this

Order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 21, 2011
Charleston, South Carolina